# WESTCHESTER PHARMACY v DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES

Case No. 89-0342F

State of Florida, Division of Administrative Hearings

March 3, 1989

## APPEARANCES OF COUNSEL

**James J. Breen,** Esquire, for petitioner.

**Carol A. Berkowitz,** for respondent.

## OPINION OF THE COURT

WILLIAM R. DORSEY, JR., Hearing Officer.

### *FINAL ORDER DENYING MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS*

This matter was considered by William R. Dorsey, Jr., the Hearing Officer designated by the Division of Administrative Hearings, upon the Motion for Award of Attorneys Fees and Costs filed by Westches-

ter Pharmacy on January 23, 1989, and the Response in Opposition to Attorney's Fees and Costs filed by the Department of Health and Rehabilitative Services on January 31, 1989. Both were erroneously filed by the parties in Case No. 88-4955.

## ISSUE

The issue is whether Westchester Pharmacy should be awarded $15,000 as costs and attorney's fees pursuant to the Equal Access to Justice Act, based upon its contention that it has prevailed in a prior proceeding filed against it by the Department of Health and Rehabilitative Services, Case No. 88-4955.

## DISCUSSION

The Motion for Award of Attorney's Fees and Costs was filed by Westchester Pharmacy on January 23, 1989. A proper application for attorney's fees and costs must comply with Rule 22I-6.035, *Florida Administrative Code.* The motion filed by Westchester Pharmacy gives the impression that it was prepared without reference to the applicable rule. One of the essential elements of an application for attorney's fees under Section 57.11, *Florida Statutes,* is that the movant be a "prevailing small business party in . . . [an] administrative proceeding [filed] pursuant to Chapter 120 initiated by a state agency." Section 57.111(4)(a), *Florida Statutes.* A motion for fees must attach the pleading reflecting either a state agency's final order, request for voluntary dismissal of its administrative complaint, or a settlement agreement favorable to the small business party. Rule 22I-6.035(2), *Florida Administrative Code.* Westchester's motion includes no such documentation. This is not surprising, for none exists.

A review of the file of the Division of Administrative Hearings in the underlying proceeding, Case No. 88-4955 shows only that an order was entered by Hearing Officer Diez-Arguelles on January 25, 1989, relinquishing jurisdiction to the Department of Health and Rehabilitative Services so that it may give Westchester Pharmacy a further opportunity to provide the information necessary for the Department to determine whether the pharmacy received overpayments for drugs it billed to the Medicaid program between March 1, 1987, through December 31, 1987. The Department had demanded a refund from the pharmacy after it used a calculation to estimate the payments the pharmacy should have billed to Medicaid. An exact amount could not be calculated because the pharmacy contended that producing the source materials to audit its accounts was too burdensome. After the estimated amount due from the pharmacy proved unfavorable, the pharmacy rejected the Department's estimation procedure.

Although that order closes the file of the Division of Administrative Hearings, it is obvious that the underlying dispute between the parties has not been concluded in favor of Westchester Pharmacy. What is most surprising is that Westchester Pharmacy did not even wait until Hearing Officer Diez-Arguelles entered his Order Relinquishing Jurisdiction and Closing File before it attempted to move for attorney's fees and costs. At the time the motion was filed there was no appropriate basis for seeking fees from the Department. The order ultimately entered to close case 88-4955 provides it no basis for an award of fees, for the order does not conclude the proceeding in Westchester's favor. The January 25, 1989 order is more akin to an order allowing the Department to amend its claim for overpayment than one finding in the pharmacy's favor.

Only after the audit of the pharmacy's accounts for the period March 1, 1987, through December 31, 1987, is completed, and any administrative action is concluded, will it be possible to determine whether Westchester is a prevailing small business party. Should Westchester Pharmacy file a similar frivolous motion for the award of attorney's fees and costs it could be liable to the Department for fees and costs pursuant to Section 120.57(1)(b)(5), *Florida Statutes.*

## *ORDER*

It is ORDERED that the Motion for Award of Attorney's Fees and Costs filed by Westchester Pharmacy on January 23, 1989, is DISMISSED as premature.

DONE and ORDERED this 3rd day of March, 1989, in Tallahassee, Florida.